ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2014 MAR 12 AM 11:45
CLERK OF COURT

Frederick W. Lee (Calif. State Bar # 201516)
(*pro hac vice pending*)
Law Offices of Frederick W. Lee APC
500 N. State College Blvd., Suite 1200
Orange, California 928568
Tel: (714) 634-1234
Fax: (714) 634-1239
fredleelaw@gmail.com

Frederic M. Douglas (Calif. State Bar # 212778)
(*pro hac vice pending*)
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

Attorneys for Defendants
IDEAMAX, EUGENE LEE AND AEKYUNG LEE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

FLEXIBLE INNOVATIONS LTD., a Texas Limited Partnership,

Plaintiff,

vs.

IDEAMAX, a California General Partnership, EUGENE LEE, and AEKYUNG LEE,

Defendants.

Case No. 4:14-cv-093-A

**DEFENDANTS IDEAMAX, EUGENE LEE, AND AEKYUNG LEE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND MOTION FOR MORE DEFINITE STATEMENT**

Court Room: 401
Judge: Hon. John McBryde

Complaint Filed: 2/11/2014

## Table of Contents

1.0 NOTICE OF MOTION ........ 5

2.0 INTRODUCTION ........ 5

3.0 THE COMPLAINT PURSUES CAUSES OF ACTION RELATING TO THE PREVIOUS LITIGATION THAT ENDED IN A FINAL JUDGMENT AND A PERMANENT INJUNCTION ........ 6

4.0 THE FIRST CAUSE OF ACTION FOR BREACH OF A CONTRACT FAILS DUE TO PLAINTIFF'S LACK OF FULL PERFOMANCE ........ 7

5.0 THE SECOND CAUSE OF ACTION FOR FALSE MARKING FAILS TO STATE A CLAIM AND FAILS TO ASSERT FACTS WITH SUFFICIENT PARTICULARITY UNDER FED. R. CIV. P. 9(B) ........ 8

5.1 THE SECOND CAUSE OF ACTION FOR FALSE MARKING FAILS TO STATE A CLAIM FOR THE CITED U.S. PATENT NUMBER 6,613,382 B1 ........ 8

5.2 THE SECOND CAUSE OF ACTION FOR FALSE MARKING MUST BE PLED WITH THE PARTICULARITY REQUIREMENT OF FED. R. Civ. P. 9(b) ........ 10

6.0 THE THIRD CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION FAILS TO ALLEGE SPECIFIC FACTS REQUIRED TO SUPPORT THE CAUSE OF ACTION ........ 11

7.0 THE FOURTH CAUSE OF ACTION FOR SANCTIONS OR CONTEMPT FAILS TO PROPERLY CHARACTERIZE THE INJUNCTION FROM THE PREVIOUS LITIGATION ........ 12

8.0 CONCLUSION ........ 13

**CASES**

*Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364 (11th Cir. 1996) ........ 11

*Bruns v. Ledbetter*, 583 F.Supp. 1050 (S.D. Cal. 1984) ........ 10

*Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161 (5th Cir. 1985) ........ 11

*Chevron Chem. Co. v. Coluntary Purchasing Groups, Inc.*, 659 F.2d 695 (5th Cir. 1981) ........ 12

*Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005) ........ 10

*Douglas v. Taylor*, 497 S.W.2d 308 (Civ. App. – Houston 1st Dist. 1972) ........ 12

*Furr's, Inc. v. United Specialty Adver. Co.*, 385 S.W.2d 456 (Civ. App. – El Paso 1963) ........ 12

*In re BP Lubricants USA, Inc.*, 637 F.3d 1307 (Fed. Cir. 2011) ........ 10

*In re Gupta Corp. Sec. Litig.*, 900 F.Supp. 1217 (N.D.Cal. 1994) ........ 10

Juniper Networks v. Shipley, 2009 WL 1381873 (N.D. Cal. May 14, 2009) ........ 10

*Manns-Rice v. Chase Home Fin. LLC*, No. 4:11-cv-425-A, 2012 WL 2674551 (N.D. Tex., July 5, 2012)(McBryde, J.) ........ 8

*Semeren v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ........ 10

*Smith Int'l, inc. v. Egle Group, LLC*, 490 F.3d 380 (5th Cir. 2007) ........ 8

*Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453 (5th Cir. 2003) ........ 8

*U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214 (Tex. App. – Waco 1993) ........ 12

*United States ex rel. Williams v. Bell Helicopter Textron*, 417 F.3d 450 (5th Cir. 2005) ........ 10

*Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345 (Tex. App. – Houson [1st Dist.] 2001) ........ 8

*Vess v. Civa-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........ 11

**STATUTES**

35 U.S.C. § 292 ........ 10

**RULES**

Fed. R. Civ. P. 12(b)(6) ........ 11
Fed. R. Civ. P. 12(e) ........ 11
Fed. Rule of Civ. P. 9(b) ........ 10
Fed.R.Civ.P. 12(e) ........ 11
Federal Rule of Civil Procedure 12(b)(6) ........ 5

## 1.0 NOTICE OF MOTION

Defendants, IDEAMAX, EUGENE LEE AND AEKYUNG LEE, (collectively, "Defendants") move under Federal Rule of Civil Procedure 12(b)(6) to dismiss this action for failure to state a claim upon which relief can be granted. Specifically, Defendants move to dismiss the first cause of action for "Breach of Contract," the second cause of action for "False Marking," the third cause of action for "Common Law Unfair Competition," and the fourth cause of action for "Sanctions or Contempt for Violation of Court Order." The Defendants further move under Federal Rule of Civil Procedure 12(e) for a more definite statement in the Complaint as it is vague and ambiguous. Fed. R. Civ. P. 9(b) requires that the fraud-related claims be pleaded with more specific factual allegations.

## 2.0 INTRODUCTION

Plaintiff, FLEXIBLE INNOVATIONS LTD. ("Plaintiff") had sued Defendants previously before this same court. Specifically, Plaintiff filed a complaint on November 30, 2012, against the same Defendants for counts of trademark infringement, Lanham Act unfair competition, and common law unfair competition (the "previous litigation"). Defendants defaulted and attempted to vacate the default. The Court denied Defendants' motion and entered a final judgment and a permanent injunction precluding Defendants from certain conduct. The Court retained the ability to enforce the injunction. Plaintiff withdrew a motion for contempt against Defendants and filed the instant complaint on February 11, 2014, seeking the same relief that could have, and should have, been pursued by the withdrawn motion in the previous litigation. Plaintiff's instant complaint

brings causes of action for breach of contract (alleged breach of a confidential settlement agreement resolving the previous litigation), false marking (alleged false claims of patent coverage that were the subject of the withdrawn motion for contempt from the previous litigation), common law unfair competition (reviving the same cause of action from the previous litigation), and "sanctions or contempt for violation of court order" (seeking the relief that was sought in the withdrawn motion for contempt from the previous litigation).

However, Plaintiff failed to plead full performance of the contract, such as releasing Defendants from all allegations of prior wrongdoing, and directly breaching the contract by putting forth causes of action for false marking and unfair competition which were already resolved by a final judgment in the previous litigation. Plaintiff failed to plead specific facts with particularity as required by Fed. R. Civ. P. 9(b) to support the false marking claim and the unfair competition claim. Plaintiff's complaint also fails to specify the damages claimed for the false marking, unfair competition, and "sanctions or contempt" causes of action. Therefore, Plaintiff's instant complaint should be dismissed for failure to state a claim and under legal principles of res judicata, claim preclusion, and issue preclusion.

## 3.0 THE COMPLAINT PURSUES CAUSES OF ACTION RELATING TO THE PREVIOUS LITIGATION THAT ENDED IN A FINAL JUDGMENT AND A PERMANENT INJUNCTION

On June 26, 2013, this Court entered a final judgment against Defendants stating that "all claims and causes of action asserted by any party thereto, be, and are hereby,

dismissed with prejudice."[1] The Court's final judgment indicated that the injunctive relief ordered on March 7, 2013, May 28, 2013, and on June 26, 2013 "remain in full force and effect."[2] If Plaintiff claims violations of any injunctions, the proper procedure is to make a motion in the previous litigation and not file the new, separate instant complaint or add other causes of action that were dismissed with prejudice. In fact, Plaintiff did file a report with this Court on November 1, 2013 alleging contempt for "false and misleading advertising" and "patent mismarking."[3] The Plaintiff elected not to proceed with the contempt proceedings and indicated a possibility of bringing "the false advertising and patent mismarking issues in future proceedings."[4] Plaintiff's statement does not indicate that "future proceedings" included filing a new lawsuit after having the previous litigation dismissed with prejudice. Based on Plaintiff's statement, the Court denied the relief then sought.[5] The Court's order did not invite Plaintiff to file a new lawsuit.

## 4.0 THE FIRST CAUSE OF ACTION FOR BREACH OF A CONTRACT FAILS DUE TO PLAINTIFF'S LACK OF FULL PERFOMANCE

To prevail on a breach of contract claim under Texas law, a plaintiff must show:

"(1) the existence of a valid contract;

(2) performance or tendered performance by the plaintiff;

(3) breach of the contract by the defendant; and

---

[1] Final Judgment, Dkt. No. 100, Case No. 4:12-cv-00856-A, June 26, 2013, p.1.
[2] *See*, *Id.*, pp. 1-2.

[3] *See*, Plaintiff's Statement Regarding Contempt Proceedings, Dkt. No. 117, Case No. 4:12-cv-00856-A, November 1, 2013.
[4] *See*, Plaintiff's Report re Noncompliance with Notice of Steps to Take to Comply with Court's Orders, Dkt. No. 123, Case No. 4:12-cv-00856-A, December 3, 2013.

[5] *See*, Order, Dkt. No. 124, Case No. 4:12-cv-00856-A, December 3, 2013.

(4) damages sustained by the plaintiff as a result of the breach."[6]

Plaintiff's complaint alleges that Plaintiff "has fully performed by releasing Defendants from all allegations of prior wrongdoing, except as otherwise specifically agreed and previously ordered by this Court."[7] However, Plaintiff's complaint demonstrates that Plaintiff has not indeed "fully performed." Specifically, Plaintiff's causes of action for false marking and common law unfair competition are directed to "prior wrongdoing" that was already resolved by a final judgment and injunction as detailed herein, *supra*. The complaint does not indicate explicitly whether the agreement is alleged to be void or other reason to excuse Plaintiff's non-performance. Thus, Plaintiff should be ordered to provide a more definite pleading if the breach of contract claim is not dismissed with prejudice.

## 5.0 THE SECOND CAUSE OF ACTION FOR FALSE MARKING FAILS TO STATE A CLAIM AND FAILS TO ASSERT FACTS WITH SUFFICIENT PARTICULARITY UNDER FED. R. CIV. P. 9(b)

### *5.1 THE SECOND CAUSE OF ACTION FOR FALSE MARKING FAILS TO STATE A CLAIM FOR THE CITED U.S. PATENT NUMBER 6,613,382 B1*

The complaint alleges that the Defendants have no right to claim patent protection for products that are not covered by U.S. Patent No. 6,613,382 B1. However, Defendant Eugene Lee is the patentee of record for U.S. Patent No. D691,138 S, a design patent to a "Stylus Pen For A Mobile Device" which issued on October 8, 2013 (Exhibit A to

---

[6] *Smith Int'l, inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007)(citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. – Houson [1st Dist.] 2001); *see also Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *Manns-Rice v. Chase Home Fin. LLC*, No. 4:11-cv-425-A, 2012 WL 2674551, at *4 (N.D. Tex., July 5, 2012)(McBryde, J.).

Declaration of Frederic M. Douglas). This recently issued design patent contradicts Plaintiff's allegation that Defendants are falsely marking the products advertised online at http://www.microclean.net/e-stylus_microclean.html, which Plaintiff attaches to its complaint in Exhibit A thereto, marked with an alleged date of February 10, 2014. For example, the statement, "Trust the original genuinely United States Patented manufacturer for 10 years" is not identical to any of the prohibited language from a prior injunction, which did not address Defendants' stylus pen for a mobile device. If Defendants make reference to the length of time that they have been manufacturers of products and that they have maintained a patent for at least ten years, such a statement is not false and not intended to deceive the public or unfairly affect Plaintiff.

Plaintiff alleges that Defendants cannot use language that indicates that Defendants have a pending patent application. As seen in U.S. Patent Application Publication No. 2013/0067671 A1, published on March 21, 2013 (Exhibit B to the Declaration of Frederic M. Douglas), listing Defendant Eugene Lee as the inventor under his alternative name, Eunchang Lee. This pending patent application covers "adhesive layers"[8] and "gels."[9] Thus, Defendants have not falsely marked their advertisements as alleged in the complaint.

---

[7] Complaint, Dkt. No. 1, Feb. 11, 2014, paragraph 13.

[8] See Abstract.

[9] See Paragraphs [0019] and [0043].

### *5.2 THE SECOND CAUSE OF ACTION FOR FALSE MARKING MUST BE PLED WITH THE PARTICULARITY REQUIREMENT OF FED. R. Civ. P. 9(b)*

The pleading requirement that claims of fraud must be pled with particularity has been held to apply to false marking claims.[10] Fed R. Civ. P. 9(b)'s particularity requirement applies to false marking claims.[11]

Plaintiff must distinguish among those it sues and "enlighten each defendant as to his or her part in the alleged fraud."[12] Plaintiff may not merely push forward conclusory allegations[13] that do not allege intent to deceive[14] and only state as to damages that "the harm to Plaintiff FI is difficult to quantify."[15] An honest mistake that results in mismarking a product does not trigger liability.[16] Instead, Fed. Rule of Civ. P. 9(b) is only satisfied when Plaintiff's Complaint "state[s] the time, place, and nature of the misleading statements, misrepresentations and specific acts of fraud."[17] Here, Plaintiff did not take heed of the requirement that, at a minimum, a plaintiff must set forth in the complaint the "who, what, when, where, and how" of any alleged fraud.[18]

---

[10] *See*, e.g., Juniper Networks v. Shipley, 2009 WL 1381873 (N.D. Cal. May 14, 2009).

[11] *In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011).

[12] *Bruns v. Ledbetter*, 583 F.Supp. 1050, 1052 (S.D. Cal. 1984).

[13] *Semeren v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[14] *See, Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1355 (Fed. Cir. 2005)(a patent holder that reasonably and in good faith believes that articles were properly marked is not subject to liability under 35 U.S.C. § 292); *see also*, 35 U.S.C. § 292(a) (". . . for the purpose of deceiving the public").

[15] *See*, Complaint, paragraph 19.

[16] *See*, *Clontech Labs, Inc.*, 406 F.3d at 1352.

[17] *In re Gupta Corp. Sec. Litig.*, 900 F.Supp. 1217, 1228 (N.D. Cal. 1994).

[18] *United States ex rel. Williams v. Bell Helicopter Textron*, 417 F.3d 450, 453 (5th Cir. 2005)(internal

Plaintiff has not complied with Fed. R. Civ. P. 9(b) and the second and third causes of action should be dismissed under Fed. R. Civ. P. 12(b)(6).

Courts have also recognized the utility of Fed. R. Civ. P. 12(e).[19] A defendant faced with a complaint like Plaintiff's instant Complaint is not expected to frame a responsive pleading; rather the defendant "is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement."[20]

## 6.0 THE THIRD CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION FAILS TO ALLEGE SPECIFIC FACTS REQUIRED TO SUPPORT THE CAUSE OF ACTION

Plaintiff's cause of action for unfair competition fails to recite the minimum elements of a prima facie claim for common law unfair competition. The complaint also fails to plead common law unfair competition with sufficient particularity as required for causes of action related to fraud under Fed. R. Civ. P. 9(b).

Instead, Plaintiff merely states that Defendants have engaged in "violations of statutory obligations and/or trade disparagement" with no more details.[21] Plaintiff

---

quotation marks omitted). *See also*, *Vess v. Civa-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.")(*quoting Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

[19] *See*, *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). In *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006), the Eleventh Circuit upheld the district court's "proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged," and determined the proper remedy was to order repleading under Fed.R.Civ.P. 12(e) to clarify fraud based claims and obtain the required degree of factual particularity.

[20] *See*, *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

[21] *See*, Complaint, paragraph 22.

explicitly invokes the fraud pleading requirements by alleging that the "Defendants' actions have been actuated by fraud and/or malice."[22]

Plaintiff fails to specify which statute(s) Defendants violated or the who, what, when, where of "trade disparagement." One court has held that no unfair competition claim lies when there was neither a breach of confidence nor a palming-off of a person's goods as those of another person's.[23] Texas common law unfair competition is an umbrella describing various torts,[24] including passing off, trademark infringement,[25] common law misappropriation,[26] and misappropriation of confidential information or trade secrets.[27] Whatever claim that Plaintiff alleges, Plaintiff needs to plead the claim with particularity, which it has not done to date.

**7.0 THE FOURTH CAUSE OF ACTION FOR SANCTIONS OR CONTEMPT FAILS TO PROPERLY CHARACTERIZE THE INJUNCTION FROM THE PREVIOUS LITIGATION**

Plaintiff tells part of the truth when it states that the Court's injunctive orders from the previous litigation enjoined the Defendants from using the specific phrase "Trust the Original Genuinely United States Patented Manufacturer." The full subject matter of the enjoined activity, as shown in the Plaintiff's own Exhibits B and D to the Complaint,

---

[22] *See*, *Id.*, paragraph 23.

[23] *Furr's, Inc. v. United Specialty Adver. Co.*, 385 S.W.2d 456, 460 (Civ. App. – El Paso 1963).

[24] *See*, *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217 (Tex. App. – Waco 1993)(*writ denied*)("The law of unfair competition is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.").

[25] *Douglas v. Taylor*, 497 S.W.2d 308, 310 (Civ. App. – Houston 1st Dist. 1972).

[26] *Chevron Chem. Co. v. Coluntary Purchasing Groups, Inc.*, 659 F.2d 695, 701 FN 8 (5th Cir. 1981).

[27] *Furr's, Inc. v. United Specialty Adver. Co.*, 385 S.W.2d 456, 460 (Civ. App. – El Paso 1964).

refers to only language describing the cleaning qualities or cleaning characteristics related to Defendants' microfiber screen wipe products. The Court did not enjoin phrases describing other qualities of any products that are not microfiber screen wipe products. Thus, as shown in Exhibit A to the Complaint, there is no violation of this Court's injunctions if Defendants use any phrases to describe the E-Stylus MicroClean products, which are not subject to any injunction.

## 8.0 CONCLUSION

Defendants respectfully request that this Court dismiss the Complaint as to moving Defendants for failure to state a claim. Rule 9(b) commands that each and every Defendant be specifically advised of fraud-based allegations against the same Defendant. Instead, Plaintiff engages in indefinite pleading. All of Plaintiff's claims fail as explained above and the Complaint should be dismissed. In the alternative, Defendants move this Court pursuant to Rule 12(e) for a more definite statement of the claims.

Dated: March 6, 2014

By: /s/ Frederic M. Douglas
Frederic M. Douglas
Attorney for Defendants
IDEAMAX, EUGENE LEE,
AND AEKYUNG LEE

## Certificate of Service

I hereby certify that on March 6, 2014, I transmitted the foregoing documents

**DEFENDANTS IDEAMAX, EUGENE LEE, AND AEKYUNG LEE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND MOTION FOR MORE DEFINITE STATEMENT**

electronically in compliance with Local Rules, constituting electronic service upon counsel of record that have consented to electronic service. All other counsel of record or pro se parties were served with a true and correct copy of the foregoing by hand delivery, email, U.S. mail or facsimile transmission, on this the 6th day of March, 2014.

/s/ Frederic M. Douglas