ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 APR -2   AM 8: 42

CLERK OF COURT

| | |
|---|---|
| FLEXIBLE INNOVATIONS LTD., § <br> a Texas Limited Partnership, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> IDEAMAX, a California General Partnership, § <br> EUGENE LEE, and AEKYUNG LEE, § <br> § <br> Defendants. § | Case No. 4:14-CV-00093-A |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Flexible Innovations Ltd., a Texas Limited Partnership, Plaintiff ("FI") hereby responds to the Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Motion for More Definite Statement ("Motion") (Doc 17), showing that the Motion should in all things be **DENIED**, as follows:

A.  **THIS ACTION IS NOT BARRED BY RES JUDICATA**.

1. Defendants assert, without any citation of authority, that this case is barred by *res judicata* because of prior litigation brought by FI against Defendants in this Court. Doc 17 at 5-7. However, there is no basis for asserting *res judicata* in this instance, because Plaintiff is now complaining of actions taken by Defendants *subsequent to* the judgments entered in the earlier case (Case No. 4:12-CV-856-A). Defendants failed to make the payments due under the settlement agreement *post*-judgment.[1] Defendants have continued to falsely mark *post*-judgment. Defendants have continued to engage in unfair competition *post*-judgment.

---

[1] Post-Motion to Dismiss and while this Response was being prepared, Defendants tendered a $100,000 payment, which should render the Motion to Dismiss moot as to that point. **However**, this does not render moot FI's request for the **attorneys' fees** which were necessarily incurred to obtain those overdue and unpaid settlement payments.

Defendants *still* violate this Court's injunction *post*-judgment. "The [*res judicata*] doctrine does not, however, bar a suit based on acts of the defendant that have occurred subsequent to the final judgment asserted as a bar." *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981) (citation omitted). "A subsequent wrong constitutes a new cause of action." *Id.* (cites omitted).

2. The rule of no bar has been applied to *false advertising claims*. *See Dyson v. Oreck Corp.*, No. 07-9633, 2009 WL 537074 at *3 (E.D. La. March 4, 2009). Also, enforcement of a judgment does not require relitigating the merits of the underlying suit. *See Barcosh Ltd. v. Dumas*, 270 F. App'x 347, 349 (5th Cir. 2008) (per curiam) (unpublished). Therefore, there is simply no merit to the *res judicata* argument of the Motion, which simply relies on the fact that there was prior litigation, and without supporting authorities.

B. **FI CAN ENFORCE THE SETTLEMENT AGREEMENT**.

3. Defendants contend that FI cannot enforce the payment provisions in the parties' settlement agreement because they are suing on the claims released by the settlement agreement, so FI has breached that agreement and cannot now sue on it. This has things backwards.

4. "[I]t has long been the rule in Texas that breach by one party excuses performance by the other party. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 689 (Tex. 1981)...." *Bio-Medical Applications of Texas, Inc. v. Medical Management, P.A.*, 198 F. Supp. 2d 849, 852 (E.D. Tex. 2002) (further citation omitted). *Accord, Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *Carrico v. Kondos*, 111 S.W.3d 582, 588 (Tex. App.— Fort Worth 2003, pet. denied). Defendants refused to pay under the Settlement Agreement as the payments came due, which was *before* FI brought this new lawsuit. Accordingly, it is *Defendants* who may not invoke the settlement agreement in defense of the claims by FI in this

litigation, not FI which cannot sue on the payments due.[2]

5. Also, since FI is bringing claims for *new* actions by Defendants, those were not released in the settlement agreement in all events, so there is not even an arguable breach of the settlement agreement by FI which could relieve Defendants from their obligations.

C. **SUFFICIENCY OF PLEADINGS ALLEGATIONS**.

6. Aside from arguing that FI is prohibited from suing, Defendants attack the sufficiency of the pleading for false marking, specifically invoking *In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011). That case held: "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311. False marking requires some "proof that the party making it had knowledge of its falsity." *Id.* (citation omitted).

7. In determining the sufficiency of the proof of "knowledge of falsity," the attachments to the Complaint are to be considered, and the Court may also take judicial notice of materials in the Court's file from the prior proceeding between these same parties:

> In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996). Documents attached to or incorporated in the complaint are considered part of the plaintiff's pleading. *See* Fed. R. Civ. P. 10(c); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000). Additionally, documents of public record can be considered in ruling on a 12(b)(6) motion to dismiss. *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995). Relatedly, a court may take judicial notice of pending judicial proceedings, and of the record in prior related proceedings. *See id.* at 372 (noting district court's taking notice of state-court orders in related action); *see also Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 n. 3 (5th Cir.1997); *see also Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n. 33 (5th Cir.1978) ("[W]e find no error in the district court's judicial notice of materials in the court's own files from prior proceedings.").

---

[2] Again, insofar as the *payment* obligation is concerned, the point is moot *except* as to fees and costs.

*Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 515-16 (N.D. Tex. 2010). Further, certainly the documents filed by *Defendants themselves* in conjunction with their Motion to Dismiss may also be considered. *Cf. White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings ... are considered to be judicial admissions conclusively binding on the party who made them.").

8. It is evident from the Motion itself that *Defendants understand* that Plaintiff is alleging that the product advertisements from the IdeaMax website—which Plaintiff attaches to the Complaint as composite Exhibit A—assert patent coverage for those products, and that those products are, in fact, not covered by a patent. See Motion (Doc 17) at 8: "The complaint alleges that the Defendants have no right to claim patent protection for products that are not covered by U.S. Patent No. 6,613,382 B1 ['382 Patent']." In fact, Defendants file with the Motion a Declaration of their counsel (Doc 18) which attaches copies of a patent and a patent application, which are intended to *rebut* Plaintiff's claim of no patent coverage. However, this evidence does not go toward showing that FI has failed to *state a claim*; rather, whether the claim is *correct*. Defendants plainly understand the issue raised by the Complaint and its exhibits (which includes the '382 Patent, Exhibit C [Doc 1-5], as well as statements of patent *coverage, i.e.*, "US Patented Adhesive Gel" [Doc 1-1 at 3]); *i.e.*, that Defendants are making claims of patent coverage that they know does not exist—false marking.

9. In fact, a perusal of the attachments shows that this claim *has evidentiary support*. There are two patents, and one patent *application* (not an issued patent and, hence, not presently bestowing *patent coverage*). FI attaches the '382 Patent, which was part of the subject of the prior litigation, as Complaint Exhibit C (a patent which was issued some *ten years ago* in 2003) (Doc 1-5). FI also attaches a screen shot with Defendants' assertion, "Trust the original

genuinely United States Patented manufacturer for 10 years!", in conjunction with their "E-STYLES MicroClean" product, which it touts as "GREAT PORTABLE STYLUS & **SCREEN CLEANER** FOR ALL ELECTRONIC DEVICES!" (Doc 1-3) (part of composite Complaint Exhibit A) (emphasis added).[3] Thus, it is patently obvious that Defendants are invoking the '382 Patent as providing patent coverage for a "screen cleaner" product when the '382 Patent only covers "A method of manufacturing a plurality of note posters from a plastic vinyl sheet having a printed surface and an opposing adhesive surface [sic] provides for first printing a plurality of images upon the printed surface." Doc 1-5 at 2 (Abstract).

10. That Defendants further had "*knowledge* of the falsity" is established by the **Agreed** Order Granting Supplemental Permanent Injunction (Doc 1-6; Doc 101 from Case 4:12-CV-00856-A, in this Court's file from the prior case) because they **agreed** not to use **this very language** "to suggest that Defendants have a patent that applies to cleaning qualities or cleaning characteristics in association with ... Defendants' microfiber screen wipe products." *Id.* This Order was *attached as proposed* to the Confidential Settlement Agreement *which Defendants signed* (Complaint Exhibit B [Doc 1-4]). Therefore, there is simply no merit to the assertion that FI has failed to adequately plead the cause of action for false marking.[4]

**WHEREFORE**, Plaintiff FI prays that the Motion to Dismiss will in all things be **DENIED**, that Defendants will be required to answer, and that Plaintiff FI will be granted such other or further relief to which it may be entitled.

---

[3] This also goes toward the *sanctions* or *contempt* allegations, which hence obviously state a claim as well.

[4] The attachments to the Douglas Declaration do not show the Complaint to be in error as a *factual* matter with respect to whether the marking is false. In addition to the fact that those attachments only relate to *2013*, not ten years ago (*i.e.*, 2003, the '382 Patent), the only *patent*, US D691,138 S ("138 Patent"), issued on October 8, 2013 (Doc 18 at 6-12) is for a "STYLUS PEN FOR A MOBILE DEVICE," patented neither as a screen cleaner nor an adhesive product. Instead, the '138 Patent Claim is for "The ornamental design for a stylus pen for a mobile device...." The other attachment is only a patent *application* (also part of Doc 18, Douglas Declaration Ex B).

Respectfully submitted,

_____
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE
 & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**ATTORNEYS FOR PLAINTIFF
FLEXIBLE INNOVATIONS LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that I served counsel for Defendants by First Class United States Mail, postage prepaid, and by email and ECF on this 2nd day of April, 2014; specifically:

Frederick W. Lee
500 N. State College Blvd., Suite 1200
Orange, California 928568
fredleelaw@gmail.com

Frederic M. Douglas
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
fdouglas@cox.net

_____
Richard L. Schwartz

125988